UNITED STATES of America, Plaintiff,

v.

Clarence LONG and Joseph
A. Lugo, Defendants.

Crim. A. Nos. 92–40040–01, 92–40040–02.

United States District Court,
D. Kansas.

March 1, 1993.

---

## ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of defendant Joseph A. Lugo to compel production of evidence (Doc. 64). Specifically, defendant contends that the government has failed to comply with the discovery order of this court entered January 21, 1993, to the extent that it directed disclosure to defendant Lugo of certain records. Defendant asserts that he has made repeated requests for these materials, but the government has not produced them.

In response, the government states that it has disclosed to defendant Lugo two cassette tape recordings as directed by the discovery order. In addition, the government has provided defendant a copy of the inventory of the items seized during a search conducted on April 11, 1990, in New York. However, the government admits it has not produced the materials seized, instead suggesting that defendant may want to obtain these materials from defendant's previous attorney, who allegedly obtained copies of the materials seized in the search.

The court's discovery order directed the government to "permit discovery, inspection, copying, or photographing of the following materials ....:"

> All documents and tangible objects seized from defendant Lugo's residence, place of business, and personal briefcase pursuant to a search warrant executed on April 11, 1990.

Pursuant to Fed.R.Crim.P. 16(a)(1)(C), the government has an obligation to permit the defendant to inspect and copy materials in the possession, custody, or control of the government and which were obtained from or belong to the defendant. The court's previous order was for the purpose of enforcing Rule 16(a)(1)(C) pursuant to Rule 16(d)(2). The government's suggestion that the defendant obtain these materials from his former attorney in New York falls far short of compliance with either the rule or the order of this court.

The government is directed to fully comply with the court's prior order on or before March 16, 1993. It is the government's responsibility to make these materials available to the defendant for inspection. The defendant, upon inspection, has the option of copying or photographing those materials the defendant and his attorney deem necessary or helpful to his defense. If the government fails to fully comply with the court's order, the court will not hesitate to invoke its powers under 18 U.S.C. § 401(3).

In reply to the government's response, defendant Lugo raises the argument that he should also be entitled to disclosure of materials previously ordered by this court to be made available to defendant Long. The court disagrees. The court's order carefully detailed the specific materials to be disclosed by the government to each of the defendants. If the codefendants wish to ex-

change the materials the government has been directed to disclose to them individually, they may do so. However, it is up to defendant Long whether to disclose to Lugo the materials the court directed the government to disclose only to Long. The court notes that defendant Lugo did not originally file a formal motion to compel discovery as did Long; nor did Lugo's counsel file a motion to formally join in defendant Long's discovery motion prior to the hearing on motions held January 4, 1993.

Defendant Lugo also alleges in his response that the three sets of materials the government was ordered to submit to the court for *in camera* inspection have not been produced. The defendants are advised that the government submitted these materials to the court on February 8, 1993. The court is currently in the process of conducting its review of these materials. To the extent these materials are deemed by the court to be discoverable by either or both defendants, the court will address this issue by separate order.

**IT IS BY THE COURT THEREFORE ORDERED** that the government is directed to fully comply with the previous order of this court on or before **March 16, 1993**, compelling disclosure to defendant Lugo of all documents and tangible materials seized on April 11, 1990 from his residence, place of business, and personal briefcase.